## J. P. KIRBY v. BRADFORD COUNTY.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY.

Argued March 19, 1890—Decided April 7, 1890.

A bill having been filed to set aside an assessment and to restrain the col-
lection of taxes upon personalty, on the ground that the plaintiff was a
non-resident of the state, the master's finding, approved by the court
below and based upon sufficient evidence, that the plaintiff's domicile
was in the township where and when the assessment was made, would
not be reversed.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 232 January Term 1890, Sup. Ct.; court below, No. 1
September Term 1887, C. P. in Equity.

On May 4, 1887, J. P. Kirby filed a bill in equity against
G. H. Vandyke and others, county commissioners, L. M. Bow-
man, assessor of Towanda township, and A. W. Dimmock, tax
collector of said township, in which the plaintiff averred:

That he was a resident of California; that on December 6,
1886, the assessor of said township had furnished him with a
blank upon which to make a return of matters made taxable
for state purposes under the act of June 30, 1885, P. L. 193;
that plaintiff, without making such return, made and subscribed
an affidavit stating therein that his residence was in California,
and thereupon the said assessor made a return that plaintiff,
under the head of "money owing by solvent debtors," had
due him and taxable under said act the sum of $129,654.42, and
that the said commissioners added fifty per cent thereto, mak-
ing the aggregate sum of $194,481.33; and that upon the hear-
ing of appeals before the commissioners, the latter refused to
strike off the assessment; praying: 1. That the assessment be
vacated and set aside.   2. That the collection of tax thereon
be restrained by injunction.   3. For general relief.

The respondents having answered, denying the averment of
the plaintiff as to his residence in California, the cause was put

at issue and referred to *Mr. H. N. Williams*, as examiner and master.

On November 2, 1889, the master filed a report finding, inter alia, as follows:

In December, 1885, the plaintiff was living with his family in a dwelling or residence situated in Towanda township, Bradford county, and had lived therein, and had been the owner of the dwelling for several years prior thereto, furnishing the house, supporting the family, and paying all bills therefor. In December, 1885, he was a widower, and had been for some years, and his family consisted of his children. He was twenty-three years of age when he came to Towanda, and sixty-eight years of age in 1885. He continued the owner of the residence or dwelling in Towanda township, until the taking of the testimony in this case in March, 1889.

The master found further, that from about December 1, 1884, the plaintiff made visits to his married daughters in Iowa and California, and spent the winters in the latter state; that he returned to Towanda township each spring of the year and did business there, as usual, his business being the lending of money, buying notes, etc.; that he frequently stated that his health was improved in California and he intended to make his residence at Almeda, in that state; that in his absence from Pennsylvania his family was left in his dwelling in Towanda township, he paying the family expenses; that in the spring of 1887 he voted in California, but paid no taxes there except upon a mortgage he held upon property owned by his son-in-law.

Upon the foregoing facts, and others of like character, the master, considering Guier's Case, 1 Binn. 349; Fry's Case, 71 Pa. 302; Hindman's App., 85 Pa. 466; Pfoutz v. Comford, 36 Pa. 420; Carey's App., 75 Pa. 201; Hood's Est., 21 Pa. 106, found and held " that under all the evidence and circumstances of this case, the plaintiff's residence or domicile was in Towanda township, Bradford county, on and prior to January 3, 1887," and recommended a decree dismissing the plaintiff's bill, with costs.

Exceptions filed chiefly to his findings of facts, were overruled by the master and filed with his report. After argument thereof before MORROW, P. J., the exceptions were dismissed

Opinion of the Court.

without opinion filed, the master's report confirmed, and a decree entered as recommended by the master. Thereupon the plaintiff took this appeal, specifying the dismissal of the plaintiff's exceptions for error.

*Mr. D'A. Overton* (with him *Mr. B. M. Peck*), for the appellant.

As to the weight due to a master's report, when the fact found is a deduction from other facts, counsel cited: Phillips's App., 68 Pa. 130; Kutz's App., 100 Pa. 75.

*Mr. J. A. Califf*, for the appellees, was not heard.

In the brief filed, as to the conclusiveness of a master's report, counsel cited: Sproull's App., 71 Pa. 137; Burton's App., 93 Pa. 214; Bedell's App., 87 Pa. 510. That the intent to change a domicile and the act of change must concur: Lyman v. Fiske, 124 Mass. 132; 2 Pars. on Cont., *580; Hindman's App., 85 Pa. 469.

PER CURIAM:

The appellant filed this bill in the court below to restrain the county of Bradford, the commissioners of said county, the assessor and tax collector of Towanda township, in said county, from the collection of certain taxes assessed against appellant upon his money at interest, alleging as the ground for such relief, that his residence or domicile was in the state of California at the time the same were assessed.

Unfortunately for the appellant, the question of domicile was found against him by the master, and his finding has been approved by the court below. We would not reverse them both upon this question of fact, unless the evidence for the appellant was much stronger than it is. There was not only evidence enough on behalf of the defendants to submit to a jury, but ample to sustain a verdict; and, had it been so submitted, the probabilities are very strong the verdict would have been the same as the master's finding. It is always unprofitable to discuss the testimony in such cases.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.